NORRIS (UNITED STATES v.). See Case No. 15,899.

NORTH, In re. See Case No. 1,207.

NORTH, In re. See Case No. 6,764.

---

## Case No. 10,308.

### NORTH v. CLARK.

[3 Cranch, C. C. 93.][1]

Circuit Court, District of Columbia. May, 1827.

##### OYER OF LETTERS OF ADMINISTRATION.

The plaintiff is bound to give oyer of his letters of administration whenever demanded before the expiration of the rule to plead.

At the last term, Mr. Wallach, for plaintiffs, suggested the death of North, and, in open court directed the appearance of the administrators to be entered, which was done. Afterwards, at the same term, Mr. Morfit, for defendant, prayed oyer of the letters of administration, and pleaded that the plaintiffs never were administrators. At this term, Mr. Wallach objected to the plea, saying that it was too late, after the plaintiffs had been permitted to appear, and relied on the case of Wilson v. Codman, 3 Cranch [7 U. S.] 193.

CRANCH, Chief Judge. In the case of Wilson v. Codman [supra], Marshall, C. J., in delivering the opinion of the court says: "They (the words of the judiciary act of 1789; 1 Stat. 73) contemplate the coming in of the executor as a voluntary act. From the language of the act, this may be done instanter. Unquestionably he must show himself to be executor, unless the fact be admitted by the parties; and the defendant may insist on the production of his letters testamentary, before he shall be permitted to prosecute. But if the order for his admission, as a party, be made, it is too late to contest the fact of his being an executor. If the court has unguardedly permitted a person to prosecute, who has not given satisfactory evidence of his right to do so, it possesses the means of preventing any mischief from the inadvertence, and will undoubtedly employ those means." Those means, we suppose, are to strike out the appearance of the plaintiff, upon motion made during the same term, and to permit the defendant to pray oyer of the letters of administration, and plead that the plaintiff is not administrator. This plea he has a right to plead, and it is a good plea in bar, and not in abatement. 1 Saund. 274, note 3; 1 Chit. Pl. 484. We think the plaintiff is bound to give oyer of his letters of administration, whenever demanded, before the expiration of the rule to plead, notwithstanding the dictum in Roberts v. Arthur, 2 Salk. 497, where it is said that, "upon the profert of a deed, it remains in court all that term, but no longer, unless it be controverted; but letters testamentary, or of administration, do not remain in court; for the party may have occasion to produce them elsewhere." We know of no rule which requires oyer to be prayed for before the defendant is bound to plead. The rule day is substituted for a day in the term, and, we think, is to be considered as a day in the term. In the present case, however, the defendant did not wait for the rule to plead, but prayed oyer almost instanter. We think his plea is in due time, and ought to be received.